UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLFIN AI-CA 4, LLC, <br><br>    Plaintiff, <br><br>vs. <br><br>ELDA MARTINEZ, <br><br>    Defendants. | Case No. EDCV13-0063-UA (DUTY) <br><br> ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION UNDER RULE 60(b) |

**PROCEEDINGS**

On January 9, 2013, defendant Elda Martinez, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action to this Court and also presented an application to proceed *in forma pauperis*. On January 10, 2013, the Magistrate Judge screened plaintiff's Notice of Removal and determined the same was not a properly removed action and forwarded an Order Summarily Remanding Improperly-Removed Action to the Chief United States District Judge for consideration. In the meantime, on January 16, 2013, plaintiff Colfin AI-CA 4, LLC, filed an Ex Parte Application to Remand this Action to State Court ("Ex Parte"). The Court notes that plaintiff's Ex Parte had not been received prior to its consideration of defendant's Notice of

1

Removal and the same was not a part of the record at the time of its decision to remand the action to the Superior Court. On January 22, 2013, the Court denied defendant's application to proceed *in forma pauperis* and remanded the improperly-removed action. On January 24, 2013, defendant filed a Certification and Notice of Interested Parties. Attached to the Certification and Notice of Interested Parties was a document entitled "Opposition to [Proposed] Order" ("Opp.") wherein defendant informed the Court that the "removal must not be remanded." (Opp. at 1.) Defendant alleges that the action "must not be remanded" for the following reasons: (1) That attorney Silverstein is the attorney of record and no substitution of attorney was filed for or by attorney Rothman; (2) that attorney Rothman is not the attorney of record on file with the Court and the proposed order filed on January 15, 2013, should have been rejected; (3) that defendant is bringing this action pursuant to Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991); (4) that the information attorney Rothman is asking for is irrelevant; (5) that diversity jurisdiction does exist; (6) that attorney Rothman has no right to seek ex parte relief; (7) that attorney Rothman's declaration consists of hearsay; (8) that attorney Rothman violated California Business and Professions Code Section 6068; and (9) that attorney Rothman violated Title 18 U.S.C. §§ 1001 and 1341 as well as Title 15 U.S.C. § 1611.

As the Court has already issued an Order Summarily Remanding Improperly-Removed Action, the Court hereby construes plaintiff's Opposition as a Motion for Reconsideration of the Order Summarily Remanding Improperly-Removed Action pursuant to Fed. R. Civ. P. 60(b) ("Motion"). The Court has now reviewed and considered the Motion.

### PETITIONER'S MOTION

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following

reasons: (1) [M]istake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment.

Rule 60(b)(6) is a "catch-all provision" that allows a court to vacate a judgment "for any other reason justifying relief." Lehman v. U.S., 154 F.3d 1010, 1017 (9th Circuit 1998). The Ninth Circuit has cautioned that Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quoting Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1103 (9th Cir. 2006)). In this regard, "a party seeking to reopen a case under Rule 60(b)(6) must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." Id. (internal quotations omitted.) While Rule 60(b)(6) does not particularize any factors that must be met before relief is proper, the Supreme Court has also cautioned that Rule 60(b)(6) should be used sparingly and only under "extraordinary circumstances." Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 864, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988).

Here, defendant has not set forth a basis for Rule 60(b) relief on the grounds of newly discovered evidence, or misconduct by the prosecution. Fed. R. Civ. P. 60(b)(1)-(3). Nor has defendant identified any reason to declare the Order Summarily Remanding Improperly-Removed Action void or any intervening circumstances that render the Order Summarily Remanding Improperly-Removed Action no longer

equitable. Fed. R. Civ. P. 60(b)(4),(5). Finally, defendant has failed to identify any extraordinary circumstances which might warrant relief under Fed. R. Civ. P. 60(b)6.

The Court denied defendant's *in forma pauperis* request and remanded the action to Superior Court on the grounds that defendant could not have brought this action in federal court in the first place and that defendant did not competently allege facts supplying either diversity or federal-question jurisdiction. 28 U.S.C. §1441(a); see <u>Exxon Mobil Corp v. Allapattah Svcs., Inc.</u>, 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Even if complete diversity of citizenship existed, the amount in controversy does not exceed the diversity-jurisdiction threshold of $75,000.00. <u>See</u> 28 U.S.C. §§ 1332, 1441(b). On the contrary, the unlawful-detainer complaint recites that the amount in controversy does not exceed $10,000.00. Nor did plaintiff's unlawful detainer action raise any federal legal question. <u>See</u> 28 U.S.C. §§ 1331, 1441(b). Defendant has failed to set forth a basis under Rule 60(b) for relief from the Court's Order Summarily Remanding Improperly-Removed Action. Accordingly, defendant's Motion is denied.

DATED: 2/20/13

GEORGE H. KING
UNITED STATES CHIEF DISTRICT JUDGE

Presented by:

David T. Bristow
United States Magistrate Judge

4